NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EON-NET, L.P.,**
*Plaintiff/Sanctioned Party-Appellant,*

**and**

**ZIMMERMAN & LEVI, L.L.P. AND JEAN-MARC ZIMMERMAN,**
*Sanctioned Parties-Appellants,*

v.

**FLAGSTAR BANCORP,**
*Defendant-Appellee.*

---

2009-1308

---

Appeal from the United States District Court for the Western District of Washington in case no. 05-CV-2129, Judge Ricardo S. Martinez.

---

## ON MOTION

---

Before GAJARSA, SCHALL, and MOORE, *Circuit Judges.*

SCHALL, *Circuit Judge.*

## ORDER

Eon-Net, L.P. and Jean-Marc Zimmerman move to stay "the imposition of and the ability to execute and enforce the District Court's May 17, 2010 Supplemental Order on Fees and Costs imposing monetary sanctions ("Monetary Order") against them pending the Appellants' appeal of the District Court's March 4, 2009 Order on Claim Construction . . . and Monetary Order." Flagstar Bancorp opposes. Eon-Net and Jean-Marc Zimmerman reply.

This matter was previously before this court. In 2007, we affirmed-in-part, vacated-in-part, and remanded the matter concerning the district court's entry of summary judgment and concerning the district court's orders granting Flagstar Bancorp's request for attorney fees and costs as sanctions against Eon-Net's counsel Jean-Marc Zimmerman and Zimmerman, Levi & Korsinsky. We vacated the entry of summary judgment due to lack of notice, vacated the sanctions due to lack of proper claim construction, and remanded for further proceedings. On remand, the district court construed claims and entered a judgment of noninfringement. Eon-Net, L.P. appealed, 2009-1308. We later granted Eon-Net's request that we stay the briefing schedule in this appeal until the district court decided Flagstar's motion for fees. The district court subsequently decided the motion for fees and awarded $489,150.48 for expenses incurred by Flagstar in litigating the case after remand. The district court also reinstated its previous Rule 11 sanctions against plaintiff's counsel in the amount of $141,984.70. The district court entered a monetary judgment in favor of the defendants in the total amount of $631,135.18. Eon-Net, Jean-Marc Zimmerman, and Zimmerman & Levi, L.L.P. filed an amended notice of appeal which is now included within this appeal. Eon-Net and Jean-Marc Zimmerman (but not Zimmerman & Levi, L.L.P.) move to stay execution of the monetary judgment.

Eon-Net first moved in the district court for a stay of the monetary judgment. The district court denied the motion, relying primarily on the lack of a showing of irreparable harm by the movant. The district court noted that Eon-Net submitted a declaration of counsel that stated, in full:

I, Jean-Marc Zimmerman, declare as follows:

1. I am an attorney-at-law licensed in the State of New Jersey and am counsel for Eon-Net, L.P. in the above-entitled action.

2. I do not have the funds to pay the sanctions amount or to pay for a bond.

3. The sanctions and Monetary orders have already harmed me by costing [sic] me to lose business. Further, they have been cited by adversaries in non-Eon-Net cases to try and harm me and my client.

I declare under the laws of the United States that the foregoing is true and correct.

The district court noted that the declaration was signed but unsworn and was unaccompanied by any documentary evidence. The district court found that the declaration was "not credible with respect to counsel's alleged poverty." The district court denied the motion without prejudice to the parties seeking a stay of the monetary judgment by posting a bond.

In the motion in this court, the movants do not address the district court's finding regarding the declaration and the lack of irreparable harm. In the motion, the movants summarily state that "Zimmerman will be irreparably harmed if he has to pay the large sanctions assessed against him. Having to pay such a sum will cause him financial hardship." No mention is made of the

ability of Eon-Net's, Zimmerman's, or Zimmerman & Levi, L.L.P.'s ability to pay or post a bond.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The motion is denied.

(2) The stay of the briefing schedule is lifted. The appellants' opening brief is due within 30 days of the date of filing of this order.

FOR THE COURT

__**NOV** 1 5 2010__
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: Jean-Marc Zimmerman, Esq.
    Melissa J. Baily, Esq.

s8

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

NOV 15 2010

JAN HORBALY
CLERK